IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYRELL GILL,<br><br>              Plaintiff,<br><br>vs.<br><br>WAUNETA KEMPF, APRN; M. FORBES, CPN; SEWARD COUNTY DETENTION CENTER, and SEWARD, NEBRASKA,<br><br>              Defendants. | **8:24CV329**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Tyrell Gill filed a Complaint on August 22, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 10. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff sues the City of Seward, Nebraska, the Seward County Detention Center ("SCDC"), and two medical providers employed by the SCDC—Wauneta Kempf ("Kempf") and M. Forbes ("Forbes")—in their official capacities for allegedly failing to provide Plaintiff with proper medical care for an injury he sustained while he was a pretrial detainee at the SCDC.

In July 2023 at the SCDC, Plaintiff was coming in from the recreation area and, while he was walking up the stairs, his "shower shoes slipped off [his] feet and [he] cracked [his] foot on the step." Filing No. 1 at 5. Plaintiff immediately informed Sgt. Hydak and Officer Murrphy who examined Plaintiff's foot and saw "it was swollen and purple in color." Id. The officers gave Plaintiff "ice for the night," and Plaintiff was seen the next morning by

Forbes, a nurse, who examined Plaintiff's foot, observed that the foot was swollen and purple, and concluded, without any x-rays, that Plaintiff's foot "wasn't broke[n]." *Id.* Forbes gave Plaintiff ice and pain pills. Over the following month and a half, Plaintiff continued to complain to SCDC officers Hydak, Murrphy, and Duncan and nurses Forbes and Kempf of severe pain in his foot and pain when he walked, but every time he saw Forbes and Kempf, they "gave [Plaintiff] the same run around [and prescribed] ice and pain pills." *Id.* "After almost 2 months of this, [Plaintiff] was sent to the local hospital for x-rays," which showed a fracture in his left foot. *Id.* However, even after the x-ray results, Plaintiff alleges, "[T]hey (Nurses) never gave me anything to help with my foot. They said I couldn't even have an ace bandage [be]cause it can be used to kill myself." *Id.*

As relief, Plaintiff seeks $150,000.00 in damages for "the lack of proper medical care [he] didn't receive, " for his ongoing pain and suffering, and for the future treatment he will need as a result. *Id.* (spelling corrected).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70

(2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

As pleaded, Plaintiff's Complaint fails to state a claim for relief against any of the named defendants, but the Court will give Plaintiff leave to amend his Complaint as set forth below.

**A. SCDC Not a Proper Defendant**

Plaintiff names SCDC as a defendant in his Complaint. Filing No. 1 at 3. However, Plaintiff fails to state a claim against SCDC because a county jail is not a distinct legal entity subject to suit. *See* Dan v. Douglas Cty. Dep't of Corr., No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the

Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit."). Accordingly, SCDC will be dismissed as a defendant to this action.

**B. Claim against City of Seward**

Plaintiff also names the City of Seward, Nebraska, as a defendant to this action. Filing No. 1 at 3. However, the Complaint contains absolutely no allegations connecting any of the harms alleged by Plaintiff to actions taken by the City of Seward or an official acting on the City's behalf. Rather, all of Plaintiff's allegations involve conduct by persons employed by the SCDC, an entity under the control of Seward *County*. As a result, Plaintiff has failed to state a claim upon which relief can be granted against the City of Seward. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

Even if the Court assumed the City of Seward was somehow responsible for the conduct of the SCDC employees at issue, Plaintiff has failed to allege facts to state a claim of municipal liability as explained below.

**C. Official Capacity Claims**

Plaintiff sues Defendants Kempf and Forbes in their official capacities only. Plaintiff's claims against those employees in their official capacities are actually claims against their employing municipality, Seward County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th

4

Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . .").

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [his] federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against Seward County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials

5

> after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of Seward County, nor does the Complaint allege facts suggesting a failure to train on the part of Seward County. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Accordingly, Plaintiff's Complaint fails to state a claim against Kempf and Forbes in their official capacities and such claims are subject to dismissal.

On its own motion, the Court will give Plaintiff leave to file an amended complaint to allege sufficient facts to state a plausible claim for relief against Kempf and Forbes in their official and/or individual capacities. If Plaintiff chooses to amend his complaint and sue Kempf and Forbes in their individual capacities, then he should be mindful of the following standards applicable to his claims.

**D. Deliberate Indifference to Medical Needs**

Liberally construed, Plaintiff asserts claims of denial of proper medical care in violation of Plaintiff's Eighth and Fourteenth Amendment rights against Kempf and Forbes. Filing No. 1 at 3–4. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009).

As indicated, Plaintiff was a pretrial detainee at the time of the events alleged in the Complaint. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors). *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989). This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts. *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

"To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded." *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)); *see also Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs."). An objectively serious

medical need is one that "has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Laganiere*, 772 F.3d at 1116 (quoting *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008)). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746–47 (8th Cir. 2013) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 747 (internal quotations and citations omitted). "[M]ere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citation omitted).

## IV. PENDING MOTIONS FOR COUNSEL

When he filed his Complaint, Plaintiff also filed a motion seeking the appointment of counsel because "[he] never filed a lawsuit before and [does not] know the law pertaining to these matters." Filing No. 3. Plaintiff subsequently renewed his request for the appointment of counsel on December 16, 2024, when he updated the Court regarding his change of address. Filing No. 13.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the

8

factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't,* 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter,* 10 F.3d 563, 567 (8th Cir. 1993). Accordingly, Plaintiff's motions for the appointment of counsel are denied without prejudice to reassertion.

## V. CONCLUSION

Upon review of Plaintiff's Complaint, the Court will dismiss SCDC from this action as it is not a proper defendant and will also dismiss the City of Seward as the Complaint contains no allegations connecting Plaintiff's injuries to conduct attributable to the City. The Complaint fails to state a claim upon which relief may be granted against Kempf and Forbes in their official capacities and is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, on the Court's own motion and as set forth below, Plaintiff is given leave to file an amended complaint that states a plausible claim for relief against Kempf and Forbes in their official and/or individual capacities. If Plaintiff fails to file an amended complaint in accordance with this

9

Memorandum and Order, this matter will be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Defendants Seward County Detention Center and Seward, Nebraska, are dismissed as defendants to this action without prejudice for the reasons stated in this Memorandum and Order. The Clerk of the Court is directed to remove Seward County Detention Center and Seward, Nebraska, from this action.

2. Plaintiff shall have until **February 21, 2025**, to file an amended complaint that sufficiently states his constitutional claims against Defendants Kempf and Forbes in their official and/or individual capacities. In his amended complaint, Plaintiff must specify in what capacity each defendant is sued and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendants' actions harmed him. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings. Plaintiff may use the enclosed form complaint in amending his complaint.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. Plaintiff's motions for the appointment of counsel, Filing No. 3; Filing No. 13, are denied without prejudice to reassertion.

6. The Clerk of the Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

7. The Clerk of Court is directed to set a pro se case management deadline using the following text: **February 21, 2025**: check for amended complaint.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 22nd day of January, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge